# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

JACOB MEYERS, by his natural  )
mother and next friend JANNA  )
LYNN MEYERS, and individually, )
            )
    Plaintiffs,   )
            )  C.A. No. N11C-07-009 JRJ
   v.      )
            )
INTEL CORPORATION,   )
            )
    Defendant.   )

## ORDER

Date Submitted: April 2, 2015
Date Decided: June 11, 2015

**AND NOW TO WIT**, this 11th day of June, 2015, upon consideration of Defendant Intel Corporation's Supplemental Memorandum to Compel the Medical Examinations of Jacob, Janna, and Robert Meyers; Plaintiffs' Response to Defendant Intel Corporation's Supplemental Memorandum to Compel the Medical Examinations of Jacob, Janna, and Robert Meyers; and Intel Corporation's Reply Memorandum in Support of its Supplemental Memorandum to Compel the Medical Examinations of Jacob, Janna, and Robert, **IT APPEARS THAT:**

1. On January 21, 2015, Intel filed a Motion to Compel the Medical Examinations of Jacob, Janna, Robert, and Hayden Meyers.[1] The Court ordered supplemental briefing on Intel's Motion to Compel Plaintiff Janna Meyers and Robert Meyers, Jacob's parents, to submit to a "state-of-the-art"[2] genetic test called "Trio Whole Exome Sequencing" because of the novelty and complexity of the issues involved.

2. By way of background, Plaintiffs allege Jacob's birth defects are the proximate result of "exposures to hazardous, genotoxic, and reproductively toxic substances, pollutants or contaminants" through his parents Janna and Robert Meyers' work at Intel.[3]

3. Intel seeks an order compelling Jacob's mother, Plaintiff Janna, and Jacob's father, Robert Meyers, a non-party to this lawsuit, to submit to a blood draw and "Trio Whole Exome Sequencing." Intel argues that there is at least a 35% probability that Trio Whole Exome Sequencing of Jacob, Janna, and Robert will reveal that the genetic structure Jacob inherited from his parents caused his

---

[1] Defendant Intel Corporation's Motion to Compel the Medical Examinations of Jacob, Janna, Robert and Hayden Meyers (Trans. ID. 56641885). Intel has withdrawn its request for genetic testing of Hayden Meyers, Jacob's sibling, and a non-party to this lawsuit. Defendant Intel Corporation's February 3, 2015 Letter Regarding Additional Information About Medical Exams (Trans. ID. 56708081). The motion to compel the medical examination of Plaintiff Jacob has been resolved. (Trans. ID. 56729500).

[2] Defendant Intel Corporation's Supplemental Memorandum to Compel the Medical Examinations of Jacob, Janna, and Robert Meyers at 2 ("Def.'s Supplemental Memo.") (Trans. ID. 56841863).

[3] Compl. ¶ 26 (Trans. ID. 38474699).

birth defects—not the alleged chemical exposures at Intel.[4]  According to Intel, Trio Whole Exome Sequencing is used in cases where doctors believe there may be a genetic explanation for a medical condition, but all of the particular genetic variations that cause the condition have not yet been identified.[5]

4.  Through this genetic test, the genetic sequencing of a child's exome is compared to the exome of the child's biological parents.[6]  According to Intel, the DNA of Jacob and both parents must be sequenced at the same time in order to "have the best chance of determining whether there is an identifiable genetic cause of [Jacob's] health conditions."[7]

5.  Plaintiffs do not dispute Intel is entitled to genetic testing of Plaintiff Jacob, but argue that Jacob's parents should not be subject to Trio Whole Exome Sequencing because it is a highly invasive process, Janna is only a party to this litigation by virtue of her involvement as *guardian ad litem* for Jacob, and Robert is not a party to this litigation.[8]  Plaintiffs further argue that because Robert is not subject to this Court's jurisdiction, this Court lacks the power to compel Robert to submit to the genetic testing.[9]

---

[4] Def.'s Supplemental Memo. at 1–2.
[5] *Id.* at 3.
[6] *Id.*
[7] *Id.*
[8] Plaintiffs' Response to Defendant Intel Corporation's Supplemental Memorandum to Compel the Medical Examinations of Jacob, Janna and Robert Meyers at 2–3 ("Pls.' Resp. Supplemental Memo.") (Trans. ID. 56919357).
[9] *Id.*

6. According to Intel, this Court has jurisdiction to order Janna and Robert to submit to blood draws and genetic testing because Janna is a party and Robert affirmatively invoked this Court's jurisdiction.[10]

7. Before this lawsuit was filed, both Janna and Robert requested chemical exposure records from Intel pursuant to the Occupational Safety and Health Act ("OSHA"), a federal statute which generally requires employers to provide chemical exposure information to current and former employees upon request.[11] Intel argues that because the Court ordered Intel to produce OSHA documents (relating to chemicals Jacob's parents were exposed to) in this litigation and Intel "produced a broad collection of records," Robert has somehow submitted to this Court's jurisdiction.[12] The Court disagrees. Robert is not a party to this litigation and has not taken an "affirmative act" in this case.[13]

8. Even assuming *arguendo* this Court has jurisdiction over Robert, he is not a party to the litigation. Superior Court Civil Rule 35(a) provides that, "[w]hen the mental or physical condition (including the blood group) of a *party* or of a

---

[10] Def.'s Supplemental Memo. at 7–10.

[11] 29 C.F.R. 1910.1020; Pls.' Resp. Supplemental Memo. at 3–4. The existence of those pre-suit OSHA requests emerged in this litigation in the context of discovery dispute. Def.'s Supplemental Memo. at 8–10; Pls.' Resp. Supplemental Memo at 4–6.

[12] Intel Corporation's Reply Memorandum in Support of its Supplemental Memorandum to Compel the Medical Examinations of Jacob, Janna, and Robert at 4–5 (Trans. ID. 56939441).

[13] In *S.E.C. v. Ross*, the Ninth Circuit Court of Appeals provided several examples of an "affirmative act" invoking the court's personal jurisdiction. 504 F.3d 1130 (9th Cir. 2007). In that case, the Ninth Circuit explained, "we have held that a party has consented to personal jurisdiction when the party took some kind of affirmative act—accepting a forum selection clause, submitting a claim, filing an action—that fairly invited the court to resolve the dispute between the parties." *Id.* at 1149.

person in the custody or under the legal control of a party, is in controversy, the Court in which the action is pending may order the party to submit to a physical or mental examination . . . ."[14] It is clear that Rule 35(a) limits the class of persons subject to a compelled examination to a *party* or a person in the custody or under the legal control of a *party*. Because Robert is not a party to this lawsuit, this Court has no authority to compel Robert to submit to genetic testing.

9. Nevertheless, Intel argues that "independent of a rule or statute, a court has the inherent authority to fashion whatever remedy is reasonably necessary to ensure fair process and the quest for truth."[15] The Supreme Court of the United States has recognized that blood draws are "an invasion of bodily integrity implicat[ing] an individual's most personal and deep-rooted expectations of privacy."[16] Intel is unable to cite to any case law supporting this "inherent power" in the context of compelling a non-party, who never put his physical condition at issue, and over whom the Court has no jurisdiction, to submit to a highly invasive blood draw and genetic testing.[17]

---

[14] Super. Ct. Civ. R. 35(a) (emphasis added).

[15] Intel Corporation's Reply Memorandum in Support of its Supplemental Memorandum to Compel the Medical Examinations of Jacob, Janna, and Robert at 6 (Trans. ID. 56939441).

[16] *Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013) (internal quotations omitted).

[17] The cases Intel relies on are distinguishable because those cases involve compelling an individual to submit to a medical examination when that individual's physical or mental condition was directly at issue and the court had jurisdiction over the individual. *See e.g.*, *Lewin v. Jackson*, 492 P.2d 406 (Ariz. 1972) (holding court "had inherent power, apart from discovery rule, to order examination to determine person's physical and mental competency to testify at deposition . . . ."); *Matter of Estate of Rogers*, 583 A.2d 782 (N.J. Super. Ct. App. Div. 1990)

10. In contrast to "standard" genetic tests that analyze one gene or small groups of related genes at a time, Trio Whole Exome Sequencing is an examination of one's entire exome.[18] As noted above, according to Intel, there is "at least a 35% probability" that Trio Whole Exome Sequencing will identify a genetic cause for Jacob's birth defects.[19] Given this low probability of success, the significant privacy concerns relating to blood draws and genetic testing, the fact that Robert is not a party, and the fact that this Court has no jurisdiction over Robert, the Court finds no basis to compel Robert to submit to genetic testing.

11. Intel stated that unless both biological parents are ordered to submit to Trio Whole Exome Sequencing, it will not move forward with the genetic testing. Therefore, Intel's motion to compel with respect to Janna Meyers is likewise denied.

**NOW THEREFORE,** Defendant Intel Corporation's Motion to Compel the Medical Examinations of Janna Meyers and Robert Meyers is **DENIED.**

**IT IS SO ORDERED.**

---

Jan R. Jurden, President Judge

---

(paternity testing relating to an intestate estate); *State ex rel. St. Louis Pub. Serv. Co. v. McMullan*, 297 S.W.2d 431, 436 (Mo. 1956) (physical examination of the plaintiff's wife because the wife was the injured party in a loss for consortium claim).

[18] Pls.' Resp. Supplemental Memo. at n.2.

[19] Def.'s Supplemental Memo. at 1–2, 7.